WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jorge Rolando Mendez,<br><br>           Plaintiff,<br><br>vs.<br><br>City of Scottsdale, Arizona, a municipal corporation; Alan G. Rodbell, City of Scottsdale, Arizona, Chief of Police; Aaron Bolin, City of Scottsdale, Arizona Police Officer and Jane Doe Bolin, husband and wife; et al.,<br><br>           Defendants. | No. CV-12-285-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for failure to state a claim. (Doc. 8). For the reasons discussed below, the motion is granted in part and denied in part.

**BACKGROUND**

The following are the material facts as "construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).

On January 16, 2011, in the City of Scottsdale, Plaintiff Jorge Rolando Mendez mounted his Schwinn bicycle and joined a number of fellow bicyclists in applauding the participants of the P.F. Chang's Rock and Roll Marathon. (Doc. 1, Ex. A ¶ 9). Scottsdale

Police Officer Aaron Bolin was on duty riding a police mountain bicycle on East Indian School Road. (Doc. 1, Ex. A ¶ 10). Because the street was barricaded and closed to motor vehicle traffic, Bolin was directing bicycle traffic onto the sidewalk, and advised Plaintiff accordingly. (*Id.*). Plaintiff complied with Bolin's directive to stay on the sidewalk until he reached a medical station further east. (Doc. 1, Ex. A ¶¶ 11, 12). The medical personnel prohibited use of the sidewalk while the station was in operation, and Plaintiff consequently returned to the road to continue traveling. (*Id.*). The sidewalk was also crowded with pedestrian spectators. (Doc. 1, Ex. A ¶ 9). While Plaintiff was riding on the road, looking for a safe opportunity to re-enter the sidewalk, Bolin rode up to Plaintiff and ordered him to stop. Plaintiff pulled over and dismounted. (Doc. 1, Ex. A ¶ 13).

Despite Plaintiff's attempts to offer an explanation for riding on the road, Bolin demanded Plaintiff present a driver's license. (Doc. 1, Ex. A ¶ 14). Plaintiff, of Latino descent, inquired as to why Bolin needed to see a license when none is required for riding a bicycle. (*Id.*). Bolin stated SB 1070 allowed him to demand identification. (*Id.*). Plaintiff retorted that the requirement to show identification under SB 1070 had been enjoined by the federal district court, pending the outcome of the Supreme Court's decision on the matter. (*Id.*).

Visibly angered by Plaintiff's inquiry, Bolin grabbed the right arm of Plaintiff, turned him around, jammed the arm up high on Plaintiff's back, and dropped Plaintiff to the ground by administering a hard kick to the right knee. (Doc. 1, Ex. A ¶ 16). Despite Plaintiff's screams of pain, Bolin proceeded to slam his knee onto the back of Plaintiff's right knee. (Doc. 1, Ex. A ¶ 17). Bolin handcuffed Plaintiff and searched his backpack,

where he found the driver's license he was looking for. (*Id.*).

Plaintiff was taken to the Scottsdale District 2 Jail, where he was questioned about his right to be in the United States. (Doc. 1, Ex. A ¶ 18). After Plaintiff was determined to be a lawful permanent resident of the United States, he was cited with four infractions and released. (*Id.*). Officer Bolin cited Plaintiff for two misdemeanors: Failure to Provide a Driver's License while Operating a Motor Vehicle and Failure to Obey a Police Officer. (Doc. 1, Ex. A ¶ 19). Bolin also cited Plaintiff for two civil traffic infractions: Failure to Ride as Close as Possible to the Right-Hand Curb and Riding on a Closed Road. (*Id.*). After his arrest, Plaintiff was taken to Scottsdale Healthcare. (Doc. 1, Ex. A ¶ 20). An x-ray was taken and pain medication was administered, after which Plaintiff's doctor determined Plaintiff had a bone contusion and T2 signal abnormality in the lateral femoral condyle. (*Id.*)

On January 13, 2012, the City Court of Scottsdale found Plaintiff guilty of Failure to Obey a Police Officer under A.R.S. § 28-622. (Doc. 8, Ex. 4). The Court also found him responsible for driving a vehicle on a closed street under Scottsdale Municipal Code § 17-4. (*Id.*).[1]

On January 17, 2012, Plaintiff filed his Complaint in this matter in Maricopa

---

[1] Both the misdemeanor conviction and the finding of civil responsibility are established by the City Court of Scottsdale's January 13, 2012 order. (Doc. 8, Ex. 4). The Court takes judicial notice of this order because it is a matter of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may take judicial notice of matters of public record.") (internal quotation marks omitted).

County Superior Court. (Doc. 1, Ex. A). The case was removed to this Court on February 10, 2012. (Doc. 1). Defendants now move to dismiss the Complaint for failure to state a claim. (Doc. 8).

## DISCUSSION

### I.     Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### II.    Analysis

In his complaint, Plaintiff brings claims against the City of Scottsdale, the City's Chief of Police Alan G. Rodbell, and Officer Bolin. Plaintiff brings six claims under 42 U.S.C. § 1983: (1) Fourth Amendment wrongful arrest/imprisonment; (2) Fourth Amendment excessive force; (3) Fourteenth Amendment equal protection; (4) Fourteenth Amendment claim due process; (5) First Amendment freedom of speech; and (6)

municipal liability for hiring, training, and supervising in a way that independently violates § 1983. (Doc. 1 at 9). Plaintiff also brings three state-law claims: 1) false imprisonment; 2) assault and battery; and 3) negligent hiring, training, supervision, and retention of police officers. (*Id.*).

### A.     The City of Scottsdale and Chief Rodbell

Plaintiff failed to respond to Defendants' request that the claims against the City of Scottsdale and Police Chief Alan G. Rodbell be dismissed. Accordingly, the Court may treat his failure to respond as his consent to the granting of the motion. LRCiv. 7.2. Regardless, Plaintiff's reliance on a vicarious liability theory for his § 1983 claims against the City and Chief Rodbell is misplaced.

Liability under § 1983 cannot be premised on a *respondeat superior* theory. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Thus, to succeed on his § 1983 causes of action against the City, Plaintiff must show a policy, practice or custom which permitted the alleged constitutional violation to occur. *See Christie v. Iopa*, 176 F.3d 1231, 1234 (9th Cir. 1999). Similarly, in order to state a claim against Chief Rodbell, Plaintiff must show (1) Rodbell's own culpable action or inaction in the training, supervision or control of subordinates; (2) his acquiescence in the constitutional deprivation in which a complaint is made; or (3) conduct that showed a reckless or callous indifference to the rights of others. *See Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000).

Plaintiff does not allege any city-wide policy to justify naming the City of Scottsdale as a defendant. Further, he makes only one allegation against Chief Rodbell,

namely that "these torts and civil rights & constitutional violations were committed as a result of policies, practices and customs of [Alan] G. Rodbell." (Doc. 1, Ex. A ¶ 3). And this assertion remains unsupported by any factual allegations. "[C]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto*, 139 F.3d at 699. Accordingly, the Court will dismiss all § 1983 claims against the City of Scottsdale and Chief Rodbell. Plaintiff's § 1983 claim for municipal liability will be dismissed in its entirety.

## B. Plaintiff's § 1983 Claims against Officer Bolin

### 1. Excessive Force

Defendants contend that Plaintiff cannot succeed on his excessive force claim, arguing that "[a]s a matter of law, there is no question that [Officer Bolin] used reasonable force under the totality of the circumstances." (Doc. 8 at 20). "[C]laims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham v. Connor*, 490 U.S. 386, 395 (1989). "[I]f the officer's use of force is 'objectively reasonable' under the circumstances, there is no constitutional violation." *Goldsmith v. Snohomish Cnty.*, 558 F. Supp. 2d 1140, 1149 (W.D. Wash. 2008) (citing Graham, 490 U.S. at 397). The relevant "circumstances" include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396.

Defendants cite two cases which they claim show that the force alleged in

Plaintiff's Complaint is lawful. (Doc. 18 at 7). Both of those cases, however, were decided at summary judgment, not on motions to dismiss, and the uncontroverted evidence in those cases' records showed that the plaintiffs had actively resisted arrest. *See Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1096 (9th Cir. 2006) (noting that the plaintiff resisted arrest by "trying to spin out of [the officer's] grasp" and that this "struggle to avoid arrest justified the use of a measured control hold"); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 921 (9th Cir. 2001) ("[The plaintiff] stiffened her arm and attempted to pull free."). In *Meredith v. Erath*, on the other hand, the Ninth Circuit held that where a suspect "loudly asked . . . to see a search warrant" and "passively resisted" handcuffing, but did not use physical force, "it was objectively unreasonable . . . for [an officer] to grab [the suspect] by the arms, throw her to the ground, and twist her arms while handcuffing her. 342 F.3d 1057, 1061 (9th Cir. 2003). The facts in Meredith are analogous to those alleged in this case.

In his Complaint, Plaintiff alleges facts which make it plausible that Officer Bolin's use of force was not objectively reasonable. Plaintiff contends that after he asked Bolin why identification was needed, Bolin started "shaking with anger toward [him]." (Doc. 1 at 14). Plaintiff alleges that Officer Bolin then "los[t] it":

> The officer grabbed the right arm of a shocked Mr. Mendez, turned Mr. Mendez around, jammed the right arm up high on [his] back, and violently dropped him to the ground by administering a hard kick to Mr. Mendez'[s] right knee. Mr. Mendez fell hard, letting out excruciating screams . . . . [Officer Bolin then] got on top of Mr. Mendez, slamming one of knees onto Mr. Mendez'[s] right knee. The Claimant nearly passed out.

(*Id.*).

- 7 -

Such allegations sufficiently allege that Bolin's use of force on Plaintiff was not objectively reasonable. There is no indication that Plaintiff posed an immediate threat to Bolin's safety. Moreover, the misdemeanor for which he was being investigated was a relatively minor offense. Defendants contend, citing the police report and an Officer Bolin affidavit, that "Plaintiff began to move away from the officer, indicating to the officer a possibility that Plaintiff was attempting to flee." (Doc. 8 at 3). These facts are not alleged in the Complaint, however, and when ruling on a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).

Defendants argue for the first time[2] in their Reply that Officer Bolin is entitled to qualified immunity on the excessive force claim. (Doc. 18 at 6). The doctrine of qualified immunity protects police officers "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Whether a reasonable officer should have known of a right in a particular factual context depends on whether a principle of law had been "clearly established at the time" the officer took the contested action. *Pearson* v. *Callahan*, 555 U.S., 223, 244 (2009). "Even in the context of clearly established law, '[i]f the officer's mistake as to what the law requires is reasonable . . . the officer is entitled to the immunity defense.'" *Galvin v. Hay*,

---

[2] Although Defendants summarily stated in their motion that the qualified immunity doctrine precluded all Bolin's § 1983 claims, Defendants did not provide any further qualified immunity argument specific to his excessive force claim. (Doc. 8 at 9–12).

- 8 -

374 F.3d 739, 745 (9th Cir. 2004) (citing *Saucier v. Katz*, 533 U.S. 194, 205 (2001)). Accordingly, "the qualified immunity defense . . . provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). Nevertheless, more facts are necessary prior to making such a determination in light of the contextual particularity with which qualified immunity inquiry is to be conducted.

### 2. Equal Protection

"A plaintiff can state an equal protection claim in one of two ways." *Alexander v. City & County of Honolulu*, 545 F. Supp. 2d 1122, 1131 (D. Haw. 2008). "A plaintiff can allege that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Alternatively, a plaintiff can allege that he is a "class of one" and that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Plaintiff alleges only that by depriving him of his liberty and using excessive force, Officer Bolin subjected him to "treatment different from and unequal to the treatment of other persons who are not falsely arrested or subjected to excessive police force." (Doc. 1 at 20). In other words, Plaintiff alleges that his treatment is "unequal to the treatment of other citizens who are not singled out for false arrest and physical assault." (Doc. 1 at 22). Plaintiff does not allege that Bolin intended to discriminate

against him based on his membership in a protected class.³ Nor does he allege that he was *intentionally* treated differently from others similarly situated. The Court will therefore dismiss his equal protection claim.

### 3. Due Process

Plaintiff contends that Officer Bolin violated his Fourteenth Amendment due process rights by 1) wrongfully arresting and imprisoning him and 2) subjecting him to excessive police force. (Doc. 1 at 21, 22). Plaintiff, however, has brought separate wrongful arrest/imprisonment and excessive force claims. He has not pled a due process claim that is independent from those claims. The Court will therefore dismiss Plaintiff's due process claim.

### 4. *Heck v. Humphrey*

Defendants contend that Plaintiff's § 1983 claims attempt to call his conviction for failure to obey a police officer into question and therefore are barred pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1993). The Supreme Court held in *Humphrey* that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed." 512 U.S. at 487.

Plaintiff's conviction for failure to obey a police officer does not preclude his excessive force claim. That in the course of the arrest Officer Bolin allegedly used excessive force does not call into question Plaintiff's failure to obey Bolin's order to ride

---

³ Although Plaintiff states he is "Latino [and] has been the object of racial profiling in the past," (Doc. 1 at 13), he does not allege that his race played a role in Officer Bolin's actions towards him.

his bicycle on the sidewalk. *See Muhammad v. Close*, 540 U.S. 749 (2004) (holding that *Humphrey* did not apply to a prisoner's suit which did not seek a judgment at odds with prisoner's conviction); *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (holding that "a successful section 1983 action for excessive force would not necessarily imply the invalidity of [plaintiff]'s arrest or conviction"). As Plaintiff concedes in his Response, however, his conviction precludes him from bringing a Fourth Amendment claim for wrongful arrest or imprisonment. (Doc. 15 at 1). Any judgment that Plaintiff was wrongfully arrested or imprisoned would necessarily imply that his conviction for failure to obey a police officer was invalid.

Plaintiff's conviction also precludes him from bringing his First Amendment claim. Plaintiff alleges that he was arrested in retaliation for questioning Officer Bolin regarding Bolin's demand that Plaintiff show identification, in violation of his speech rights. As Plaintiff concedes in his Response, however, at the time Officer Bolin took action based on Plaintiff's speech, he already had probable cause to arrest Plaintiff for failure to obey his orders. (Doc. 15 at 2). Plaintiff contends, citing *Houston v. Hill*, that the First Amendment "protects the rights of citizens to criticize and even challenge the police." 482 U.S. 451, 461 (1987). *Hill*, however, was a case in which the Court reversed the conviction of a defendant who was arrested and convicted solely for verbally challenging police under a statute which the Court deemed unconstitutional. *Id.* In this case, Officer Bolin had probable cause to arrest Plaintiff on independent grounds. And the Supreme Court recently implied that an arrest made in retaliation for one's exercise of protected speech is not unlawful so long as the officer has probable cause for the arrest on

other grounds. *Reichle v. Howards*, 132 S. Ct. 2088, 2094 (2012) ("Here, the right in question is not the general right to be free from retaliation for one's speech, but the more specific right to be free from a retaliatory arrest that is otherwise supported by probable cause. This Court has never held that there is such a right."). The Court will dismiss Plaintiff's Fourth Amendment wrongful arrest/imprisonment claim and First Amendment freedom of speech claim.

### C. Plaintiff's State-law Claims

#### 1. False Imprisonment

In his Complaint, Plaintiff brings a common-law false imprisonment claim against Officer Bolin. As Plaintiff concedes in his Response, however, this claim is no longer "cognizable" given his conviction for failure to obey a police order. (Doc. 15 at 1). The claim will be dismissed.

#### 2. Assault and Battery

Plaintiff also brings common-law tort claims against Officer Bolin for assault and battery. "An actor is subject to liability to another for battery if the actor intentionally engages in an act that results in harmful or offensive contact with the person of another." *Duncan v. Scottsdale Med. Imaging, Ltd.*, 205 Ariz. 306, 309, 70 P.3d 435, 438 (2003). "[A] claim for common-law assault requires an allegation that the defendant acted intentionally to cause a harmful or offensive contact and another person is placed in imminent apprehension of the contact." *Gallegos v. Flores*, 1 CA-CV 10-0178, 2012 WL 208858, at *3 (Ariz. Ct. App. Jan. 24, 2012). "The two claims are the same except that assault does not require the offensive touching or contact." *Id.* Here, Plaintiff has alleged

facts which make it plausible that Officer Bolin acted intentionally to cause a harmful or offensive contact with Plaintiff. (Doc. 1 at 14). Plaintiff has also alleged facts which make it plausible that such contact occurred and/or that he was placed in imminent apprehension of such contact. (*Id.*). Plaintiff has therefore pled valid assault and battery claims.

Defendants contend that these claims are barred by Arizona Revised Statutes ("A.R.S.") § 13-409. Section 13-409 states that an officer is justified in using physical force to make an arrest where:

> 1. A reasonable person would believe that such force is immediately necessary to effect the arrest or detention or prevent the escape[,]
>
> 2. Such person makes known the purpose of the arrest or detention or believes that it is otherwise known or cannot reasonably be made known to the person to be arrested or detained [and]
>
> 3. A reasonable person would believe the arrest or detention to be lawful.

Defendants state, however, that this statute "mirrors the Fourth Amendment standard for the use of physical force" and that accordingly "the analysis under [§ 13-409] is identical to the Fourth Amendment analysis and employs the same standard of objective reasonableness." (Doc. 8 at 20–21). As discussed, Plaintiff has alleged facts which make it plausible that Officer Bolin's use of force was not objectively reasonable. (*See* Doc. 1 at 14). The Court will not dismiss Plaintiff's assault and battery claims.

### 3. Negligent Hiring, Training, Supervision and Retention

Plaintiff next alleges that the City of Scottsdale was negligent in its hiring,

training, supervision and retention of Officer Bolin. Other than this conclusory allegation, however, Plaintiff has not alleged facts which make it plausible that the City was negligent. (*See* Doc. 1 at 19). A claim must be based on more than "labels and conclusions." *Twombly*, 550 U.S. at 555. This claim will be dismissed.

### D.     Punitive Damages

Under A.R.S. § 12-820.04, "[n]either a public entity nor a public employee acting within the scope of his employment is liable for punitive or exemplary damages." Plaintiff is therefore precluded from seeking punitive damages for his state law claims. Punitive damages are available for Plaintiff's remaining § 1983 claim, however, if he can show that Officer Bolin exhibited "reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). The Court finds the facts as alleged adequate to support a finding of "reckless or callous indifference" and will therefore deny Defendants' motion to dismiss Plaintiff's punitive damages' request as to Plaintiff's excessive force claim.

## CONCLUSION

For the reasons discussed above, Plaintiff has failed to plead any claims for which relief can be granted against the City of Scottsdale or Chief Rodbell. Plaintiff has pled a valid Fourth Amendment excessive force claim and valid assault and battery claims against Officer Bolin. Plaintiff's remaining causes of action are dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 8) is **granted in part** and **denied in part**.

- 14 -

**IT IS FURTHER ORDERED** that Defendants City of Scottsdale and Chief of Police Alan G. Rodbell are dismissed from this lawsuit.

Dated this 6th day of September, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge